COLE v. GRAVES

[101 N.C. App. 396 (1991)]

---

WILLIAM R. COLE v. NELL COLE GRAVES, INDIVIDUALLY AND AS THE SURVIVING PARTNER OF COLE POTTERY COMPANY (ALSO KNOWN AS J. B. COLE POTTERY), A PARTNERSHIP

No. 9010SC590

(Filed 15 January 1991)

**Partnership § 8 (NCI3d) — death of partner — dissolution of partner-ship — disposition of partnership interest according to partner's will**

The trial court properly concluded that a partnership between plaintiff's father and defendant dissolved upon the former's death and that Item IV of plaintiff's father's will constituted a settlement and disposition of his partnership interest in a manner other than required by the partnership act. N.C.G.S. § 59-84.

**Am Jur 2d, Partnership §§ 1140, 1142, 1150; Wills § 1534.**

COLE v. GRAVES

[101 N.C. App. 396 (1991)]

APPEAL by plaintiff from *Allen (Steven), Judge.* Judgment entered 22 March 1990 in Superior Court, RANDOLPH County. Heard in the Court of Appeals 12 December 1990.

This is a civil action wherein plaintiff seeks to have the court: (1) require defendant to make a final settlement of all of the partnership assets pursuant to G.S. 59-83 and "pay over to . . . [p]laintiff his share of such assets bequeathed to him by the [w]ill of his father, Waymon H. Cole . . . "; (2) require defendant "to appear . . . and show cause why she should not be required to post a bond . . . pursuant to G.S. 59-74 conditioned upon her faithful performance of her duties in the settlement of the partnership affairs, or in the alternative, why a collector of the partnership should not be appointed pursuant to the provisions of G.S. 59-75 and G.S. 59-83"; (3) direct "[t]hat a determination of the value of the tangible and intangible assets of the . . . partnership as of the date of the death of Waymon H. Cole be made . . . and that the value of the interest of [p]laintiff in said assets be determined and paid over to him"; (4) order defendant to compensate plaintiff for "any and all damages suffered by him" as a result of defendant's breach of her fiduciary duty and mismanagement; and (5) determine whether or not "an improper distribution of the partnership interest of Waymon H. Cole has been made by his estate and, if necessary, to order the reopening of said estate . . . ."

The following facts are uncontroverted: Plaintiff's father, Waymon H. Cole, and defendant were partners in Cole Pottery Company (also known as J. B. Cole Pottery). There was "no written partnership agreement." Waymon H. Cole died on 1 September 1987, and "ITEM IV" of his will, probated 2 October 1987, makes the following bequests to defendant:

all of the testator's 'interest in all inventory, accounts receivable and work in process in Cole Pottery Company' and, in addition, bequeaths to her all of the testator's 'interest in all other properties of Cole Pottery Company, including, but not limited to, equipment in the business and any motor vehicles in which I (the testator) am listed as co-owner with Nell C. Graves for and during the term of her life.'

The will bequeathed to plaintiff "a vested remainder in my interest in Cole Pottery Company hereinabove devised to Nell C. Graves for her lifetime . . . ."

Defendant filed a motion for summary judgment, and on 22 March 1990, the trial court entered judgment for defendant on her motion concluding:

1. That the will of Waymon H. Cole constitute[s] a settlement of and disposition of his partnership interest in a manner other than required by the partnership act.

2. That defendant is entitled to a life estate in the partnership of Waymon Cole.

3. That until the death of defendant, plaintiff has no right to possess any specific partnership property or to manage any partnership property.

4. That plaintiff is entitled to an account of the value of the goodwill of the business and a list of the business debts as of the date of dissolution of the partnership on September 1, 1987.

5. That plaintiff is not entitled to have the partnership wound up, terminated, settled, distributed or valued.

6. There is no genuine issue as to material fact and defendant is entitled to judgment as a matter of law.

Plaintiff appealed.

*Moser, Ogburn, Heafner, Schmidly & Wells, by John N. Ogburn, Jr., and Stephen S. Schmidly, for plaintiff, appellant.*

*O'Briant, O'Briant & Bunch, by Lillian B. O'Briant and Pierre C. Oldham, for defendant, appellee.*

HEDRICK, Chief Judge.

The only question presented on this appeal is whether the trial judge was correct in concluding that the partnership between plaintiff's father, Waymon H. Cole, and defendant dissolved upon the former's death and that "ITEM IV" of his will "constitute[s] a settlement of and disposition of his partnership interest in a manner other than required by the partnership act."

G.S. 59-61(4) of the Uniform Partnership Act provides that a partnership is dissolved "[b]y the death of any partner, unless the partnership agreement provides otherwise." G.S. 59-84 of the Act further provides:

## McEACHIN v. WAKE COUNTY BD. OF EDUCATION

[101 N.C. App. 399 (1991)]

When the original articles of partnership in force at the death of any partner or the will of a deceased partner make provision for the settlement of the deceased partner's interest in the partnership, and for a disposition thereof different from that provided for in this Chapter, the interest of such deceased partner shall be settled and disposed of in accordance with the provisions of such articles of partnership or of such will.

In the present case, there was no written partnership agreement. Therefore, the trial judge was correct in concluding that the partnership between Waymon H. Cole and defendant dissolved on the date of the former's death. Furthermore, since there was no partnership agreement which provided for the settlement of the deceased partner's interest in the partnership, the trial judge was correct in looking to the will of the deceased partner to determine the disposition of his interest in the partnership.

We hold that the plain language of "ITEM IV" of the will of Waymon H. Cole settled and disposed of his interest in Cole Pottery Company pursuant to G.S. 59-84. Thus, the trial court did not err in entering summary judgment in favor of defendant. The judgment appealed from will be affirmed.

Affirmed.

Judges WELLS and ORR concur.